### J. S. MURPHY, ET AL., *v.* JOHN S. ISAACS, ET AL.

**Sureties on Bond—Statute of Limitations.** ·

Under Sec. 2, Art. 6, Chap. 71, Gen. Stat., sureties on a bond given in the course of a judicial proceeding are discharged from liability, unless suit be brought within seven years after a right of action accrues.

APPEAL FROM LINCOLN COURT OF COMMON PLEAS.

January 22, 1878.

OPINION BY JUDGE COFER:

At the March term, 1864, of the Lincoln Circuit Court, H. T. Harris was appointed special commissioner to sell certain lands adjudged to be sold; he was directed to take bonds payable to himself, and was required to execute bond for the faithful performance of his duties. He gave bond with the appellants as sureties, conditioned that he would well and truly perform the duties required by the judgment, and would pay to the parties to the same the money arising from the sale. He sold the land and collected the money, and failing to pay to one of the parties her proceeds of the sale, and she having died, the action was revived against her heirs, and her share of the money was ordered to be paid to them; and Harris having failed to obey that order, these suits were brought by the heirs against him and his sureties.

The sureties answered, and alleged that in March, 1865, the court directed the commissioner to collect the sale bonds and distribute the money to the parties entitled to receive it, and that he did col-

lect the whole amount as early as September, 1865, more than seven years before the institution of these suits, and they pleaded and relied upon the statute of limitations in bar of the actions. The court sustained demurrers to the answers and rendered judgment against the sureties, and from those judgments these appeals are prosecuted.

Sec. 2, Art. 6, Chap. 71, Gen. Stat., provides that, "The surety in any bond given in the course of any judicial proceeding shall be discharged from all liability thereon, unless suit be brought thereon within seven years after the accruing of the cause of action." And the same provision was contained in Sec. 12, Chap. 97, of the Revised Statutes, in force when the bond sued on was given.

The bond of Harris was a bond given in the course of a judicial proceeding, and the provision of the statute is plain and imperative, and the answers were sufficient if, as claimed by the appellants, the cause of action accrued when the last of the money was collected.

Previous to the collection of the money the court ordered the commissioner to collect and distribute it, and it was his duty under that order to make the distribution immediately after the collection was made, and his failure was a breach of his duty and his bond, and those entitled to the money had a cause of action against him, and a right to sue on the bond, and the statute of limitations commenced to run in favor of the sureties.

It is alleged in the answer, and that allegation must now be regarded as true, that the ancestor of the appellees died in April, 1865, and, assuming it also to be true that a part of the money was not collected until September, 1865, the cause of the action accrued to the appellees. In that aspect of the case the appellants were discharged from liability long before these suits were commenced, unless the appellees were under some disability, which does not appear.

It is alleged in the petitions that the suit under judgment, in which the land was sold, was not revived against the appellees until 1876, and that the court then made an order directing their shares of the money to be paid over to them, and it is agreed that the statute did not begin to run until that order was made, nor so long as the suit remained in court. The revivor was unnecessary. The court having in the life of the ancestor ordered the money to be distributed, when she died those who succeeded to her rights were entitled to the money without any further order of the court, and had a right to sue for it, and could not deprive the sureties in the commissioner's bond of the benefit of the statute by the unnecessary proceeding to revive the cause.

Nor does it matter that the commissioner was a trustee. The statute expressly discharges his sureties after seven years from the accruing of the cause of action, and they are clearly not trustees in any sense.

It does not appear what was the character of the suit in which the land was adjudged to be sold, and consequently it does not appear how or why Mrs. Givens's share of the purchase money passed to her heirs rather than to her personal representative, but we have assumed·that for some reason it is still properly regarded as real estate.

In any aspect of the case the answers presented a defense which is prima facie valid. If any disabilities exist or have existed which defeat or suspend the ·running of the statute, the appellees should show the fact.

Judgments *reversed* and causes remanded with directions to over-rule the demurrers to the answers.

*T. P. Hill, for appellants.   W. H. Miller, for appellees.*